UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-22959

NOE REINA-DELACRUZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## RULE 41(g) MOTION TO RETURN PROPERTY ILLEGALLY SEIZED AND DETAINED

Noe Reina-Delacruz ("Reina-Delacruz"), through undersigned counsel, pursuant to Rule 41(g), Federal Rules Criminal Procedure, files this motion to return illegally seized property. In furtherance of this application Reina-Delacruz states the following:

## JURISDICTION

1. Rule 41(g), Fed.R.Cr.P. provides that:

> (g) **Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

2. The illegally seized property was originally taken in Sunny Isles Beach, Florida and held until ultimately transferred to the custody of a federal agency of the United States in Dade County Florida. The seizure and maintaining of the property all transpired within the Southern District of Florida.

3. Based upon the provisions of Rule 41(g), the illegal seizure of property which commenced in Sunny Isles Beach, Florida and has continued in Dade County Florida invokes the jurisdiction of this Court.

## PARTIES

4. Plaintiff, Noe Reina-Delacruz qualifies as an aggrieved person of an illegal search and seizure pursuant to Rule 41(g), Fed.R.Cr.P.

5. Defendant, United States of America, or one or more agencies of the United States that maintains the illegally seized property. Upon information and belief, Reina-Delacruz believes that the agency currently maintaining the property in question is the Department of Homeland Security.

## PROPERTY SUBJECT TO THIS MOTION

6. The property which is the subject of this Motion is one Laptop Computer (HP) and one small memory flash drive.

## FACTUAL BASIS FOR MOTION TO RETURN PROPERTY

7. On or about May 12, 2017, Reina-Delacruz was a guest at the Aqualina Resort & Spa located in Sunny Beach, Florida.

8. Reina-Delacruz' guest status included Rooms 1703A and 2109, Folios 10B40W and 10B40X.

9. On or about May 12, 2017, Plaintiff and members of his party found themselves locked out of their rooms at the Aqualina Resort & Spa.

10. In addition to being locked out of their rooms, Plaintiff and members of his party were denied access to their personal property which was located inside of the

rooms which Plaintiff and his party had been locked out of at the Acqualina Resort & Spa.

11. The decision to lock Plaintiff and his party out of their rooms was made by members of the Acqualina Resort & Spa Security team.

12. Upon information and belief the Director of Security was Samuel Whitley, who made the decision to lock the Plaintiffs and others out of their rooms and to prevent Plaintiff and others from access to their personal property.

13. Plaintiff and the other persons attempted to pay for the rooms that had been rented at the Resort & Spa, so that they might be able to leave the Resort & Spa with their personal property.

14. The Resort & Spa refused payment for the Resort & Spa rooms and advised Plaintiff and others to leave the premises.

15. Upon information and belief the Security team refused payment and maintained custody of the personal property in order to conduct a criminal investigation.

16. Upon information and belief the criminal investigation was being conducted in conjunction with local law enforcement, believed to be from Sunny Isles, Florida.

17. Based upon the actions at the Acqualina Resort & Spa, legal counsel was retained for the purpose of paying the outstanding bill for the rooms as well as retrieving all of the personal property being illegally held at the hotel.

18. On May 15, 2017 legal counsel travelled to the Resort & Spa and paid all outstanding balances for the rooms and to once again demand the return of the illegally held property.

19. Upon payment of the outstanding balances many personal items were returned.

20. Simultaneous with the return of certain items, the Sunny Isles police were summoned to the Resort &Spa and were provided with numerous personal documents that had been illegally seized and maintained by the Security team.

21. The Sunny Isles Police refused to seize the Laptop computer and flash drive from the Resort & Spa Security team as well as a watch. Obviously, the Sunny Isles Police did not want to take possession of items that had been improperly seized and maintained.

22. The Hotel & Spa again refused demands made by legal counsel for the return of the items which had been originally been illegally seized and stolen three days earlier.

23. On May 17, 2017, legal counsel served a demand letter upon the Resort &Spa for the return of the items which had now been stolen for nearly a week.

24. Despite the demand for the return of the illegally seized and now stolen property, the Hotel & Spa refused to return the property in question.

25. Upon information and belief the Hotel & Spa was in fact holding the illegally seized and now stolen property at the request of law enforcement which in effect was utilizing the Hotel & Spa as its agent to perpetuate an illegal seizure of Plaintiff's property.

26. Subsequently, legal counsel who had gone to the Hotel & Spa to retrieve the property was contacted by an individual claiming to be an agent of the federal

Homeland Security agency.  The agent claimed that his agency was now in possession of the property which had been illegally seized and stolen by the Hotel & Spa.

27. Subsequently, it was learned that a criminal investigation was being conducted by the United States Attorney's Office for the Southern District of Florida.

28. Given the circumstances described in this application Plaintiff has reason to believe that a search of the property described in this motion as having been illegally seized and maintained in conjunction with law enforcement has taken place.

### **REQUESTED RELIEF**

29. Based on the foregoing Plaintiff requests the forthwith return of the illegally seized property, last known to allegedly been in the custody of Homeland Security.

30. Additionally, if a search has been conducted of the seized items Plaintiff requests the forthwith return of all items secured pursuant to said search, including all copies of items secured during said search.

31. Plaintiff additionally requests an expedited hearing to consider the merits of this Motion.

32. Plaintiff additionally requests that he be permitted to take discovery of the relationship of the Hotel & Spa and law enforcement.  Said discovery be permitted initially by requests for production.

33. Plaintiff requests that if a search has not yet been conducted of the seized items that the United States be ordered not to take any further action on the property until disposition of this Rule 41(g) application.

WHEREFORE Plaintiff respectfully requests that this Rule 41(g) Motion to Return Property Illegally Seized and Detained.

Dated: August 4, 2017.

    Respectfully Submitted,

    /s/ BRUCE A. ZIMET, ESQ.
    Florida Bar No. 0225053
    **BRUCE A. ZIMET, P.A.**
    One Clearlake Centre
    250 N. Australian Avenue
    Suite 1400
    West Palm Beach, FL 33401
    Tel:   (561) 508-7741
    Tel:   (954) 764-7081
    Fax:  (954) 760-4421
    BAZ@BruceAZimetLaw.com